IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALICE MAE BETHEA,

    Plaintiff,

v.

                              Civil Action No. 3:08CV680

WELLS FARGO HOME MORTGAGE, INC.,

    Defendant.

## MEMORANDUM OPINION

Presently before the Court is Defendant Wells Fargo Home Mortgage, Inc.'s ("Wells Fargo") Motion for Summary Judgment (Docket No. 12) and Memorandum in Support with accompanying exhibits (Docket No. 13). Plaintiff Alice Mae Bethea Holmes ("Bethea"), proceeding *pro se*,[1] timely filed a response to Defendant's Motion for Summary Judgment, along with supporting exhibits. (Docket No. 15.) Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 636(c). In a Memorandum Order entered on January 27, 2009, the Court ordered the parties to contact the chambers of the undersigned Magistrate Judge to schedule a hearing if either party desired to have one. (Docket No. 14.) Because neither party requested one, the Court will decide Defendant's Motion for Summary Judgment without a hearing, in accordance with Local Civil Rule 7(J).[2] The motion is ripe for adjudication.

---

[1] Defendant included proper *Roseboro* notice in its Motion for Summary Judgment, advising her of the necessity of filing a proper response. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] "In accordance with Fed. R. Civ. P. 78, the Court may rule upon motions without an oral hearing." Local Civ. R. 7(J).

## I. Factual and Procedural Background

### A. The Present Action

Plaintiff filed a Complaint in the City of Richmond Circuit Court in June 2008. (Notice of Removal Ex. A ("Compl.").) (Docket No. 1.) She alleges that she owned certain property at 5 Poe Street in Richmond, Virginia (the "property"), which was the subject of an unlawful detainer proceeding against Bethea in Richmond General District Court in January 2004.[3] (Compl. 1.) The resolution of that case resulted in the General District Court granting possession of the property to Wells Fargo, because Bethea had defaulted on a loan owned by Wells Fargo and violated an Order of the Bankruptcy Court. (Def. Wells Fargo's Mem. Supp. Mot. Summ. J. ("Def.'s Mem. Supp. Summ. J.") 1.) (Docket No. 13.) She seeks three million dollars in punitive damages and possession of the property, because "it appears action was taking [sic] in the John Marshall Court on the property of 5 Poe Street . . . were not properly done." (Compl. 1 (capitalization corrected).)

Wells Fargo removed the action to this Court on October 20, 2008. (Notice of Removal 3.) Wells Fargo contends that it is entitled to summary judgment in its favor because *res judicata* bars Bethea's claim, which was previously litigated in the unlawful detainer proceeding. (Def.'s Mem. Supp. Summ. J. 5.) Bethea opposes the motion on the ground that she "disagree[s] that this case is about some perceived legal error in the first suite [sic], but that Wells Fargo had no right to the house, breached the contract with Bankruptcy Court, breached the contract with Deed of Trust." (Bethea's Resp. To Wells Fargo's Mem. Supp. Mot. Summ. J. ("Bethea's Resp.") 3.)

---

[3] *Wells Fargo Home Mortgage Inc. v. Alice M. Bethea*, Case No. GV04000708-00 (Richmond Gen. Dist. Ct.).

## B. The 2004 Unlawful Detainer Proceeding

In the January 2004 unlawful detainer proceeding, Wells Fargo brought suit against Bethea seeking a writ of possession regarding the property. The summons in that case, served on Bethea pursuant to Va. Code § 8.01-126,[4] indicates that the property was sold at foreclosure, but Bethea refused to vacate. (Def.'s Mem. Supp. Summ. J. Ex. A.) The General District Court granted Wells Fargo a writ of possession on January 27, 2004. (Def.'s Mem. Supp. Summ. J. Exs. A & G; Bethea's Resp. 2.) Bethea noted an appeal, and signed a Civil Appeal Notice acknowledging that, pursuant to Va. Code § 8.01-129,[5] she must pay writ tax and costs, and post an appeal bond, within ten days of the January 27, 2004 hearing. (Def.'s Mem. Supp. Summ. J. Ex. D.) No evidence in the record indicates that Bethea ever paid these appeal costs, or that an appeal ever occurred.

The General District Court denied Bethea's motion for rehearing on February 19, 2004. (Def.'s Mem. Supp. Summ. J. Ex. E.) The writ of possession issued on March 1, 2004, authorizing the Sheriff's Department to cause Wells Fargo to have possession of the property. (Def.'s Mem. Supp. Summ. J. Ex. G.)

---

[4] "In any case when possession of any house . . . is unlawfully detained by the person in possession thereof, the landlord . . . entitled to the possession may present to a magistrate or a clerk or judge of a general district court a statement under oath of the facts which authorize the removal of the tenant or other person in possession . . . and thereupon such magistrate, clerk or judge shall issue his summons against the person . . . named in such affidavit." Va. Code § 8.01-126.

[5] "The appeal [of the judgment of the general district court in an unlawful detainer action] shall be taken within 10 days and the security approved by the court from which the appeal is taken. . . . [T]he bond shall be posted and the writ tax paid within 10 days of the date of judgment." Va. Code § 8.01-129.

## II. Standard of Review

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

## III. Analysis

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.5 (1979). Res judicata bars claims and defenses that were actually raised and fully litigated, as well as those that could have been raised in the prior suit, "'regardless of whether they were asserted or determined in the prior proceeding.'"[6] *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (*quoting Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

A party seeking to establish that res judicata bars an opposing party's claim must establish three elements:

(1) a final judgment on the merits in a prior suit;
(2) an identity of the cause of action in both the earlier and the later suit; and
(3) an identity of parties or their privies in the two suits.

*Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004) (*citing Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)).

### A. Final Judgment on the Merits

The 2004 unlawful detainer proceeding resulted in a final judgment on the merits in favor of Wells Fargo. The General District Court granted the writ of possession, and Bethea was legally evicted. Bethea took part in those proceedings, as she was present at the January 27, 2004 hearing and later pursued, but did not perfect, an appeal of the outcome of that hearing.

---

[6] This Court chooses not to undergo an analysis of this claim under the so-called *Rooker-Feldman* doctrine. Neither party has raised this issue in this case that resurrects a five-year-old dispute. Moreover, it is not Bethea, the Plaintiff, who chose to bring this action into federal court, but Defendant Wells Fargo who removed it here. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

### B. Identity of the Cause of Action

Although it is difficult to discern Bethea's cause of action in the instant proceeding, it is clear that she seeks possession of the property, and punitive damages for the harm caused by her eviction from the property in 2004. She states that the unlawful detainer proceedings in the General District Court "were not properly done," and that the order granting the writ of possession to Wells Fargo "was in correct" [sic]. (Compl. 1.) Thus, her Complaint indicates that the instant action constitutes nothing more than a collateral attack on the final judgment of the General District Court. Res judicata "is designed to foreclose [such] collateral attack . . . and to ensure the integrity of judgments rendered by courts of competent jurisdiction." *Nelson v. Uran*, 175 F.3d 1015 (Table), 1999 WL 170166, at *1 (No. 98-2400) (4th Cir. 1999) (*citing Angel v. Bullington*, 330 U.S. 183, 189-90 (1947)).

"The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" *Pueschel*, 369 F.3d at 355 (*quoting In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) (internal citations omitted)). Because both the unlawful detainer action and the present action pertain to possession of the property, arising out of the foreclosure sale and subsequent developments during which Bethea was evicted, the Court finds that the identity of cause of action element is satisfied.

### C. Identity of the Parties

The record indicates, and the parties do not dispute, that the parties to the instant action, Bethea and Wells Fargo, were the same parties involved in the 2004 unlawful detainer action.

## IV. Conclusion

The doctrine of res judicata precludes the Court from ruling on Bethea's claims, because there has already been a judgment on the merits on the same issues between the same parties. Accordingly, summary judgment will be GRANTED in favor of Defendant Wells Fargo. The Complaint will be DISMISSED.

An appropriate Order shall issue.

                                                     /s/
                                          M. Hannah Lauck
                                      United States Magistrate Judge

Richmond, Virginia
Date: 7-9-09